June 12, 1951. } No. 4064.

OPINION OF THE JUSTICES.

The following resolution was adopted by the House of Representatives at the present session of the General Court on May 29, 1951:

"Resolved, That the justices of the Supreme Court be respectfully requested to give their opinion upon the following questions of law:

"1. May the Legislature constitutionally impose a tax upon the sale of tobacco products as provided in R. L. Ch. 79 and exempt therefrom any tax upon the sale of cigars?

"2. If the answer to the above question is in the negative may the Legislature constitutionally amend R. L. Ch. 79 by providing for a tax only upon the sale of all cigarets sold at retail in this state, thereby not taxing the sale of other tobacco products?

"3. May the Legislature constitutionally tax stock in trade of merchants and manufacturers measured by the net income it produces or contributes to producing, instead of the present method of taxing same?

"Be it further resolved, That the Speaker transmit a copy of this resolution to the Clerk of the Supreme Court."

The following answer was returned:

*To the House of Representatives:*

The undersigned Justices of the Supreme Court make the following answers to questions contained in your resolution adopted the twenty-ninth of May, 1951, concerning the power of the Legislature with respect to certain tax proposals.

Questions 1 and 2 apparently are designed to accomplish substantially the same result the primary objective of which is taxation of the sale of cigarettes. Since the constitutionality of the method suggested by your first inquiry is doubtful, our answer is confined to the second inquiry.

In our recent opinion returned May 15, 1951, concerning a sales tax as proposed in House Bill 418, *Opinion of the Justices,* 97 N. H. 533, 536, we discussed the power of the Legislature to choose certain kinds of property for taxation and not others. It was there stated in part as follows: "The Legislature has liberal powers with respect to the classification of taxable property. *Canaan* v. *District,* 74 N. H. 517. It may be made for any just reason. *Opinion of the Justices,* 82 N. H. 561, 574. If there is such reason and the proposed selection is not arbitrarily made or for the sole purpose of preferring some taxpayers to others it will be upheld."

If chapter 79 of the Revised Laws is amended so that cigarettes sold at retail in this state are the only tobacco product to be taxed, the question arises whether they at the time of sale constitute a class of property within the meaning of Article 6 of Part II of

the Constitution. The attributes of a class of property for purposes of taxation were considered at length both in *Havens* v. *Attorney General,* 91 N. H. 115, 119, and in *Opinion of the Justices,* 94 N. H. 506, 508. Cigarettes are a distinctive class of property. By themselves they are the subject of taxation in many of the states in this country, and are considered by economists an appropriate subject of taxation. They are extensively used and may be productive of much tax income. They are not a necessity and their taxability is made to depend upon an easily recognized event, a sale. Collection of the tax is not difficult and is certain. Finally, cigarettes with other forms of tobacco are the subject of statutes which forbid sales and gifts to minors. The answer to the second question is yes.

Our understanding of the third question is that in effect it asks whether it would be constitutional to abolish the present tax on stock in trade and impose a tax on the income of merchants and manufacturers derived from their stock in trade. A comparable enactment, substituting for a tax on specified property a tax upon the income therefrom (Laws 1923, c. 65), was considered and approved in *Conner* v. *State,* 82 N. H. 126. An inquiry similar to your third question was answered in the affirmative in *Opinion of the Justices,* 82 N. H. 561. There (*p.* 562) the question was: "Would any constitutional provision be violated by imposing a tax at a fixed rate on net incomes derived from manufacturing and mercantile business carried on within the state, as proposed in said House Bill No. 300?" Although the inquiry was construed to relate to the validity of a rate different from that of the general property tax (*p.* 566), the question as stated above was not so limited. The answer of the court was given on page 570 as follows: "It is our opinion that an income tax at a fixed rate is constitutional."

However, it was held that, with respect to the taxation of incomes, "the rate must be uniform." *Opinion of the Justices,* 82 N. H. 561, 570. This means that the rate of the suggested tax and that upon the income from intangibles should be the same. The income from the two sources would constitute one class for purposes of establishing a rate for taxation. "All income taxes must be laid at a common rate." *Opinion of the Justices,* 84 N. H. 559, 571. See also, *Opinions of the Justices,* 82 N. H. 561, 570, *et seq.;* 95 N. H. 537.

If the tax proposed by question 3 is a tax upon the net income of merchants and manufacturers derived from stock in trade, to be

imposed in lieu of the general property tax upon stock in trade, and at the same rate as the existing tax upon income from interest and dividends (R. L., c. 78), the question is answered yes.

FRANCIS W. JOHNSTON.
FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.

June 12, 1951.

*Richard F. Upton* and *James F. Malley* (orally), for affirmative answers.